IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| **HUGO SAHLEIN; RITA SAHLEIN; STEVEN SAHLEIN; and EMELINE SAHLEIN** | | **PLAINTIFFS** |
| V. | | NO. 3:13-CV-00067-DMB-JMV |
| **RED OAK CAPITAL, INC.**, its successors and assigns; **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, its successors and assigns; **MERSCORP HOLDINGS, INC.**, its successors and assigns; **FLAGSTAR BANK, FSB**, its successors and assigns; **LSF7 MORTGAGE ACQUISITIONS II, LLC**, its successors and assigns; **LSF7 BERMUDA NPL V TRUST**, its successors and assigns; **US BANK TRUST, NA**, its successors and assigns; **VERICREST FINANCIAL, INC.**, its successors and assigns; **VOLT 2011-NPL1 HOLDINGS, LLC**, its successors and assigns; **VERICREST OPPORTUNITY LOAN TRUST 2011-NPL1**, its successors and assigns; **VOLT NPL IX, LLC**, its successors and assigns; **VOLT NPL IX ASSET HOLDINGS TRUST**, its successors and assigns; **WELLS FARGO DELAWARE TRUST COMPANY, NA**, its successors and assigns; **MARINOSCI LAW GROUP, PC**, its successors and assigns; **JANE DOE TRUSTS; and JOHN DOES** | | **DEFENDANTS** |

## ORDER GRANTING MOTION TO DISMISS

This multi-count action arises from a dispute concerning the validity of a promissory note and deed of trust. Plaintiffs contend that the note and deed are fraudulent and unenforceable. Doc. #1 at ¶¶ 30–31. This matter is before the Court on the motion to dismiss of numerous defendants alleged to have participated in the purported fraud. Doc. #21. In their motion, the

moving defendants argue that Plaintiffs' complaint fails to state a claim upon which relief may be granted. Doc. #22 at 2.

# I.
# Applicable Standards

As a general matter, "[a] pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint falls short of this directive, a defendant may move to dismiss the claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering the interplay between Rule 8 and Rule 12, the United States Supreme Court has explained that:

> To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and punctuation omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–58 (2007)). Under this standard, a "court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (internal quotation marks and punctuation omitted).

In addition to the standard articulated by *Iqbal* and *Twombly*, Rule 9(b) of the Federal Rules of Civil Procedure requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This heightened pleading standard is "supplemental to the Supreme Court's recent interpretation of Rule 8(a) …." *U.S. ex rel.*

*Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). As a supplement, Rule 9 requires "simple, concise, and direct allegations of the circumstances constituting fraud, which … must make relief plausible, not merely conceivable, when taken as true. *Id*. at 185–86 (internal quotation marks omitted).

## II.
## Factual Allegations

Taking the allegations of the complaint and the documents attached to the complaint as true, the Court derives the following facts:

On November 12, 2004, Arthur Michael Slaughter and Kimberly C. Slaughter executed a warranty deed in favor of Plaintiffs Hugo Sahlein, Rita Sahlein, Steven Tyler Sahlein, and Emeline Sahlein. Doc. #1-1 at 3. The deed conveyed to Hugo[1] and Rita a joint interest in one-half of certain property located in Oxford, Mississippi ('the Property"). *Id*. The deed conveyed to Steven and Emeline the remaining one-half interest in the described property. *Id*.

Also on November 12, 2004, certain unspecified defendants "fabricated a Note … and Deed of Trust … that labeled [Defendant] Red Oak as the 'Lender.'" Doc. #1 at ¶ 31. The Note, which reflected an indebtedness of $495,000, bore signatures purporting to be those of Hugo and Rita. Doc. #1-2. The Deed of Trust, which listed the Property as security for the Note, bore signatures purporting to be those of all the plaintiffs. Doc. #1-3. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), was listed as the beneficiary of the Deed of Trust. *Id*.

Following the alleged fabrication, Plaintiffs allege that Defendants engaged in a series of assignments of the security interest "solely to disguise and further an otherwise unlawful foreclosure." Doc. #1 at ¶ 36. The various assignments and the Deed of Trust were publicly recorded with the Chancery Clerk for Lafayette County. *Id*. at ¶ 37. Plaintiffs allege that,

---
[1] For clarity, the opinion will refer to the plaintiffs by their given names.

through the foregoing documents and actions, "Defendants fraudulently demanded, collected, and/or retained monies from Plaintiffs without financial or contractual basis." Doc. #1 at ¶ 34.

On March 11, 2013, Plaintiffs filed a complaint against Defendants. Doc. #1. Plaintiffs' six-count complaint asserts claims for: (1) declaratory judgment against all Defendants; (2) quiet title against all Defendants except Marinosci Law Group, PC; (3) unjust enrichment against all Defendants; (4) conversion against Defendants Red Oak Capital, Inc., Flagstar Bank, FSB, and "Vericrest"[2]; (5) fraudulent misrepresentation against all Defendants; and (6) violations of the Fair Debt Collection Practices Act against all Defendants except MERS and Merscorp Holdings, Inc. ("MERSCORP"). Doc. #1.

On September 13, 2013, a motion to dismiss was filed on behalf of Defendants Vericrest Financial, Inc.;[3] LSF7 Bermuda NPL V Trust; LSF7 Mortgage Acquisitions II, LLC; MERSCORP; MERS; US Bank Trust, NA; Vericrest Opportunity Loan Trust 2011-NPLI ("VOLT 2011-NPLl"); Volt 2011-NPLl Holdings, LLC; VOLT NPL IX, LLC; VOLT NPL IX Asset Holdings Trust; Wells Fargo Delaware Trust Company, NA; and Marinosci Law Group. Doc. #21. On October 22, 2013, Defendant Flagstar Bank joined the motion.[4] Doc. #31. Plaintiffs responded, Doc. #41, and the moving defendants replied, Doc. #43. The parties subsequently agreed to dismiss all claims brought against Marinosci Law Group. Doc. #47.

### III.
### Analysis

In their motion, the moving defendants raise eight arguments: (1) the complaint fails to meet the pleading standards set forth in the Federal Rules of Civil Procedure; (2) the fraud and

---

[2] The complaint does not specify against which Vericrest entity the conversion claim is brought..

[3] The motion and accompanying memorandum indicate that "Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc." moved to dismiss on behalf of Defendant Vericrest Financial, Inc. Doc. ##21, 22.

[4] Red Oak Capital, Inc., the only remaining defendant, did not answer or respond to the complaint. On June 3, 2014, the Clerk entered default against Red Oak. Doc. #61.

4

title claims are barred by the applicable statutes of limitations; (3) the signatures on the note and deed of trust are self-authenticating and thus defeat all asserted claims; (4) Plaintiffs lack standing to challenge the assignments of the security interest; (5) the unjust enrichment claim is barred by the existence of an express contract; (6) the conversion claim fails because the defendants to the claim were entitled to receive the mortgage payments; (7) the Fair Debt Collection Practices Act claim fails because Plaintiffs cannot show that the defendants are debt collectors; and (8) Plaintiffs failed to show entitlement to declaratory relief. Doc. #22. Because the Court concludes that Plaintiffs' complaint fails to comply with the federal pleading standards, it declines to address the remaining arguments at this time.

As explained above, claims generally are analyzed under the lenient pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8. Fraud allegations, however, are analyzed under the heightened pleading standard of Rule 9.

### A. Rule 8

Defendants argue that Plaintiffs' complaint violates the mandate of Rule 8 insofar as it:

> reveals only vague and specious accusations against Defendants, and establishes that the Complaint fails to provide fair notice of the nature of Plaintiffs' claims. Indeed, Plaintiffs name thirteen defendants in the lawsuit, and Plaintiffs lump together broad allegations against all thirteen defendants as a whole. Plaintiffs fail to properly distinguish in the Complaint the alleged wrongs committed by each individual defendant.

Doc. #22 at 6.

In essence, Defendants contend that dismissal is warranted because the complaint is a shotgun pleading. Shotgun pleadings, which are prohibited by the Federal Rules, are characterized as complaints "contain[ing] several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund,*

5

*L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see also Bates v. Laminack*, 938 F.Supp.2d 649 (S.D. Tex. 2013) ("shotgun pleadings … incorporate antecedent allegations by reference into new allegations") (internal quotation marks omitted). "[Q]uintessential" shotgun pleadings also fail to distinguish between the actions of named defendants. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

"What makes a pleading an objectionable 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Martinez v. Nueces Cnty., Tex.*, No. 2:13-cv-178, 2013 WL 6190519, at *4 (S.D. Tex. Nov. 26, 2013). Such a pleading forces a "trial court [to] sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund*, 305 F.3d at 1295. Shotgun complaints are subject to dismissal under Rule 12(b)(6). *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1126–27 (11th Cir. 2014) ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer.") (footnotes omitted).

Here, each count in the complaint purports to "incorporate by reference all other allegations and statements contained in this document, specifically including all averments of fraud, as if fully set forth in each of the following paragraphs." Doc. #1 at ¶¶ 49, 56, 63, 70, 77, 89. Additionally, numerous paragraphs in the complaint attribute discrete actions, such as the sending of a letter, or the public recording of a document, to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants. *See, e.g., id.* at ¶¶ 30–38, 41; *Atuahene v. City of Hartford*, 10 Fed. Appx.

6

33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [Rule 8]."). Accordingly, the complaint is a quintessential shotgun pleading subject to dismissal pursuant to Rule 12(b)(6).

　　**B.　Rule 9**

The Federal Rules require that allegations of fraud be pled with particularity. Fed. R. Civ. P. 9(b). Plaintiffs' complaint alleges that, as a result of certain fraudulent activities, Defendants led Plaintiffs to believe that money was owed, and that, relying on such representations, Plaintiffs made unknown payments to certain unknown entities. Because these allegations underlay every claim in this action, they must be pled with particularity. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) ("[I]t is allegations of fraud, not claims of fraud, to which Rule 9(b) applies.").

"What constitutes 'particularity' will necessarily differ with the facts of each case. At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal punctuation and citations omitted). With regard to the how, "[t]he Fifth Circuit … and other district courts within [the circuit] have either held or strongly suggested that Rule 9(b)'s particularity requirement extends to allegations of actual reliance." *In re BP P.L.C. Sec. Litig.*, No. 4:12-cv-1256, 2013 WL 6383968, at *39 (S.D. Tex. Dec. 5, 2013) (collecting cases). "[A]t a minimum, Rule 9(b) requires Plaintiffs to specify with particularity what actions [they took] or

forewent in reliance upon Defendants' alleged misrepresentations." *Id*. at *41 (internal punctuation omitted).

In considering the adequacy of 9(b) pleadings, "[a] number of courts … have recognized that the heightened pleading standards of Rule 9(b) should be relaxed upon a showing by the plaintiff that he or she is unable, without pretrial discovery, to obtain essential information peculiarly in the possession of the defendant." *Schouest v. Medtronic, Inc.*, __ F. Supp.2d __, 2014 WL 1213243, at *14 (S.D. Tex. Mar. 24, 2014) (collecting cases) (internal punctuation omitted).

Here, Defendants argue that:

> Plaintiffs fail to provide any specific facts in support of their assertions regarding a 'common purpose' among Defendants, and further fail to elucidate the required details in support of their fraud claim – i.e., why the allegedly false transactions amount to fraud, who, specifically, consummated the transactions in question, or how Plaintiffs were allegedly defrauded by these transactions.

Doc. #22 at 7. Plaintiffs respond that the subsections of paragraph 41 of the complaint satisfy the requirements of Rule 9. Doc. #40 at 6.

Plaintiffs' allegations fail the heightened pleading requirements of Rule 9(b). With regard to the "how" of reliance, Plaintiffs merely allege that they "reasonably relied on Defendants' misrepresentations and fraud, and paid the moneys demanded by Defendants." Doc. #1 at ¶ 84. Plaintiffs do not allege which plaintiffs made which payments, the amount of money they paid, when the payments were made, or to whom the sums were sent. Such information is well within the control of Plaintiffs and must be pled with particularity. *In re BP*, 2013 WL 6383968 at *41.

Additionally, Plaintiff's complaint alleges numerous oral conversations and written correspondence with representatives of various Defendants without identifying the person or

persons responsible for such statements or, in the case of the letters, identifying the author, or facts showing an inability to do so. *See* Doc. #1 at ¶ 41 (a)-(c), (h)-(o). *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) ("This Court interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."); *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 437 (E.D. La. 2010) ("In order to meet the requirements of Rule 9(b), a plaintiff must … identify the speaker *or author* of the statements") (emphasis added); *cf. Boyko v. Am. Intern. Group, Inc.*, No. 08-2214, 2009 WL 5194425, at *6 (D.N.J. Dec. 23, 2009) (authorship of letter not required where document was "ambigu[ous] with respect to its author"). Thus, dismissal for failure to comply with Rule 9(b) is warranted.

### C. Leave to File Amended Complaint

When a Court finds that a motion to dismiss should be granted on the basis of a failure to comply with Rules 8 and 9, it is generally appropriate to provide the plaintiffs an opportunity to remedy the pleading deficiencies through the filing of an amended complaint. *See Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979) ("We think the Trial Court should have dismissed the complaints with leave to amend."); *see also Atascocita Realty Inc. v. Western Heritage Ins. Co.*, No. H-10-4519, 2012 WL 423395, at *1 (S.D. Tex. Feb. 8, 2012) ("The Court grants Plaintiff leave to amend its original petition so as to comply with the standards of Rules 8 and 9(b)."). The Court concludes that such relief is warranted here.

### D. Defendants' Remaining Arguments

Defendants' remaining arguments relate to the adequacy of the allegations of Plaintiffs' complaint. Insofar as this Court has determined that the complaint must be re-pled, the

substantive arguments are deemed moot. *See Center for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, No. 11-806, 2013 WL 5519320, at *2 (E.D. La. Sep. 30, 2013) ("[I]n light of Plaintiffs' need to re-plead, the other pending motions to dismiss are dismissed as moot.") (emphasis omitted).

## IV.
## Conclusion

For the reasons set forth above, the Court concludes that Plaintiffs' complaint has failed to comply with the pleading standards set forth in the Federal Rules of Civil Procedure and that, therefore, Defendants' motion to dismiss, Doc. # 21, should be **GRANTED**. Plaintiffs shall have fourteen (14) days from the entry of this order to file an amended complaint which complies with the applicable Federal Rules of Civil Procedure.

SO ORDERED, this the 3rd day of July, 2014.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**