IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **HUGO SAHLEIN; RITA SAHLEIN; STEVEN SAHLEIN; and EMELINE SAHLEIN** | **PLAINTIFFS** |
| V. | NO. 3:13-CV-00067-DMB-JMV |
| **RED OAK CAPITAL, INC.**, its successors and assigns; **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, its successors and assigns; **MERSCORP HOLDINGS, INC.**, its successors and assigns; **FLAGSTAR BANK, FSB**, its successors and assigns; **LSF7 MORTGAGE ACQUISITIONS II, LLC**, its successors and assigns; **LSF7 BERMUDA NPL V TRUST**, its successors and assigns; **US BANK TRUST, NA**, its successors and assigns; **VERICREST FINANCIAL, INC.**, its successors and assigns; **VOLT 2011-NPL1 HOLDINGS, LLC**, its successors and assigns; **VERICREST OPPORTUNITY LOAN TRUST 2011-NPL1**, its successors and assigns; **VOLT NPL IX, LLC**, its successors and assigns; **VOLT NPL IX ASSET HOLDINGS TRUST**, its successors and assigns; **WELLS FARGO DELAWARE TRUST COMPANY, NA**, its successors and assigns; **MARINOSCI LAW GROUP, PC**, its successors and assigns; **JANE DOE TRUSTS**; and **JOHN DOES** | **DEFENDANTS** |

## OPINION AND ORDER GRANTING MOTION TO DISMISS

This declaratory judgment and quiet title action is before the Court on the Rule 12(b)(1) motion to dismiss of Defendants Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc.; LSF7 Bermuda NPL V Trust; LSF7 Mortgage Acquisitions II, LLC; Merscorp Holdings, Inc. ("MERSCORP"); Mortgage Electronic Registration Systems, Inc. ("MERS"); US Bank Trust,

NA; Vericrest Opportunity Loan Trust 2011-NPL1; Volt 2011-NPL1 Holdings, LLC; VOLT NPL IX, LLC; VOLT NPL IX Asset Holdings Trust; and Wells Fargo Delaware Trust Company, NA (collectively, "Caliber Defendants"). Doc. #67. The Caliber Defendants contend that dismissal is required because this Court lacks subject matter jurisdiction over Plaintiffs' amended complaint. *Id*.

# I
## 12(b)(1) Standard

"Motions filed under Rule 12(b)(1) ... allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citations omitted). Because the burden of proof rests on the party asserting jurisdiction, when considering a motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*.

# II
## Procedural History

On March 11, 2013, Plaintiffs Rita Sahlein, Steven Sahlein, and Emeline Sahlein,[1] filed this action asserting numerous state and federal claims against a wide variety of defendants. Doc. #1. Plaintiffs claimed that the Caliber Defendants and Defendant Red Oak fraudulently represented to Plaintiffs that Red Oak loaned Plaintiffs money and that the same defendants

---

[1] A fourth plaintiff, Hugo Sahlein, died during the pendency of this litigation and has been dismissed from this case. Doc. #53.

fraudulently asserted that Plaintiffs' property ("Property") was subject to a Promissory Note signed by Rita and Hugo, and a Deed of Trust executed by Plaintiffs.[2] *See* Doc. #1 at ¶ 30.

On September 13, 2013, the Caliber Defendants filed a motion to dismiss Plaintiffs' complaint. Doc. #21. Following a round of briefing, this Court issued an order granting the motion to dismiss and providing Plaintiffs an opportunity to file an amended complaint. Doc. #63.

On July 17, 2014, Plaintiffs filed an amended complaint. Doc. #64. Plaintiffs' amended complaint repeats the general allegations of their first complaint; that is, that Plaintiffs jointly own the Property and that Defendants fraudulently created the Promissory Note and Deed of Trust. Doc. #64. However, unlike the original complaint, the amended complaint asserts just two causes of action: (1) a claim seeking various declaratory judgments relating to the Property and the allegedly fraudulent Deed of Trust;[3] and (2) a claim to quiet title in the Property. Plaintiffs' amended complaint does not allege any federal claims and pleads that Defendant Red Oak and Rita both are citizens of California. *Id*. at ¶¶ 2, 4.

On August 15, 2014, the Caliber Defendants filed a motion to dismiss for lack of subject matter jurisdiction. Doc. #67. Plaintiffs timely responded, Doc. #72, and the Caliber Defendants timely replied, Doc. #74.

---

[2] In the interest of clarity, the Court will refer to the Sahleins by their first names.

[3] Specifically, Plaintiffs seek the following declaratory judgments:

> (i) Plaintiffs do not owe a debt to any Defendant; (ii) Defendants unlawfully collected and retained monies from Plaintiff; (iii) Defendants unlawfully claimed default against Plaintiff; (iv) Defendants unlawfully claimed an interest in Plaintiffs' Property; (v) Defendants unlawfully foreclosed Plaintiffs' Property; (vi) Defendants unlawfully clouded title to Plaintiff's Property; and (vii) Plaintiffs hold title to Property in fee simple absolute and unencumbered by the Deed of Trust appearing in the Lafayette County title registry.

Doc. #64 at 12.

# III
# Analysis

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks and punctuation omitted). Here, there is no dispute that Plaintiffs' amended complaint, which names a plaintiff and a defendant from California and does not raise any federal claims, does not implicate diversity or federal question jurisdiction. Nevertheless, Plaintiffs ask that this Court exercise its supplemental jurisdiction over the remaining claims or, in the alternative, to allow the filing of a second amended complaint so that Plaintiffs may drop Rita as a party, thereby creating diversity jurisdiction. Doc. #73.

### A. Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c): "The district courts may decline to exercise supplemental jurisdiction [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Courts in the Fifth Circuit treat these four categories as "statutory factors" to consider when evaluating supplemental jurisdiction. *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011). Additionally, the Fifth Circuit requires consideration of "common law factors [of] judicial economy, convenience, fairness, and comity." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

In evaluating supplemental jurisdiction, "[t]he Fifth Circuit has stated that its general rule is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are

dismissed or otherwise eliminated from a case prior to trial ...." *McGhiey v. Metro News Serv., Inc.*, No. 12–cv–00578, 2013 WL 3338598, at *6 (W.D. Tex. July 1, 2013) (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)) (internal citations and quotation marks omitted).

Here, Plaintiffs' amended complaint seeks to resolve property and contract disputes between almost twenty parties. This level of complexity weighs against exercising supplemental jurisdiction under the first statutory factor. The second statutory law factor also weighs in favor of remand because the state law claims predominate over the non-existent federal law claims. The third statutory factor weighs in favor of remand because the federal claims were dismissed by this Court's July 3, 2014, order. Finally, as explained below, the fourth factor, which incorporates the common law factors, weighs in favor of remand. *See Enochs*, 641 F.3d at 159 ("The fourth [statutory] factor also favors remand, as the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction.").

Turning to the common law factors, the judicial economy factor weighs in favor of remand because "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the ... consideration of the ... state law claims (or to any claims)." *Id*. Next, neither party has offered any argument as to convenience. Accordingly, the Court deems this factor neutral. The third common law factor also weighs in favor of dismissal without prejudice because "it [is] certainly fair to have ... the purely ... state law claims heard in ... state court ...." *Id*. Finally, insofar as federal courts are "not as well equipped for determinations of state law as are state courts," the fourth common law factor of comity is served by dismissal without prejudice. *Id*.; *see Diaz v. Estate of Lampton*, No.

3:09-cv-324, 2013 WL 3213087, at *16 (S.D. Miss. June 26, 2013) (dismissing state law claims "without prejudice so that a state court of competent jurisdiction may resolve them").

Upon consideration of the statutory and common law factors, the Court will follow the Fifth Circuit's "general rule" and decline to exercise supplemental jurisdiction over the state law claims.[4]

### B. Leave to Amend

In their response, Plaintiffs state that "in the alternative that the Court declines to exercise supplemental jurisdiction over the remaining claims … Plaintiffs request leave to amend the Amended Complaint in order to dismiss Plaintiff Rita Sahlein. Doing so would establish complete diversity …." Doc. #73 at 4.

"Though a court should freely grant leave to amend, *see* Fed. R. Civ. P. 15(a), 'a district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" *Ayers v. Johnson*, 247 Fed. App'x 534, 535 (5th Cir. 2007) (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1991)). The Caliber Defendants argue that such an amendment should be denied as futile because the proposed amended complaint would be subject to dismissal because Rita is a necessary party to the asserted causes of action. Doc. #74 at 3.

As an initial matter, the Fifth Circuit recently counseled against allowing amendment where, a plaintiff, "[h]aving had their first theory of jurisdiction fail [then] seek[s an amendment] to create diversity jurisdiction." *Jackson v. N.A.A.C.P.*, 575 Fed. App'x 256, 259 (5th Cir. 2014). In so doing, the Fifth Circuit noted that it has "repeatedly held … the district court is well

---

[4] In reaching this conclusion, the Court rejects Plaintiffs' contention that supplemental jurisdiction is justified because Defendant Red Oak is in default and "absent Defendant Red Oak's California citizenship, complete diversity of citizenship exists …." Default, standing alone, does not render a party nominal for the purpose of evaluating diversity jurisdiction. *See Schlegle & Sons Printing v. United English Breeders & Fanciers Ass'n, Inc.*, 682 F. Supp. 36, 37 (C.D. Ill. 1988) (default of non-diverse defendant did not deprive court of jurisdiction).

6

within its discretion to deny such attempts to present legal theories *seriatim*." *Id*. (emphasis in original).

Having sought (and failed) to invoke supplemental jurisdiction, Plaintiffs now seek amendment to present a new theory of jurisdiction. This type of pleading is disallowed, even under Rule 15's liberal standard. *See S. Constructors Grp., Inc. v. Dynaelectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993) ("[W]e have affirmed denials [of amendments] when the moving party engaged in undue delay or attempted to present theories of recovery seriatim to the district court." (internal footnote omitted)). Accordingly, Plaintiff's request for leave to amend will be denied on the grounds it seeks to present legal theories seriatim.

Even if the proposed amendment did not present legal theories seriatim, it would still be denied as futile for failing to include a necessary party. In considering whether dismissal for failure to join a necessary party is appropriate, "[t]he court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003).

### 1. Is Rita Sahlein a Required Party?

A party must be joined under Rule 19(a) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Here, Plaintiffs seek to adjudicate rights to a piece of property for which Rita holds a deed of trust. However, under Mississippi law, "no proper adjudication of rights" on a piece of property can be made in the absence of a holder of a deed of trust on that property. *Aldridge v. Aldridge*, 527 So.2d 96, 98 (Miss. 1988). Accordingly, insofar as both of Plaintiffs' causes of action seek to resolve rights to the Property, the Court could not afford complete relief among the existing parties under either cause.

Furthermore, even if the Court could afford complete relief to the parties, adjudication without Rita would subject Defendants to a substantial risk of incurring inconsistent obligations with regard to the Property, the Note, and the Deed of Trust. Under these circumstances, the Court concludes that Rita is a required party under Rule 19(a). *See Howard v. ABN AMRO Mortg. Grp., Inc.*, No. 1:13-cv-543, 2014 WL 1237317, at *5 (S.D. Miss. Mar. 26, 2014) (collecting cases for proposition that property owner is required party to action challenging asserted security interest, even where wife and co-owner are parties to litigation); *see also Sucklal v. Fremont Reorganizing Corp.*, No. Civ. 09-1058, 2009 WL 3208683, at *1 (D. Md. Sep. 30, 2009) (co-owner of subject property is necessary party to quiet title action).

### 2. Would Rita's Absence Require Dismissal?

There is no dispute that Rita's presence in the lawsuit destroys subject matter jurisdiction and thus she could not be joined. Accordingly, having found that Rita is a required party, the question becomes whether her absence would warrant dismissal of the proposed amended complaint under Rule 19(b). To this end, Rule 19(b) directs the court to consider four factors: "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given

without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed."

As explained above, Rita's absence would prejudice Defendants by subjecting them to a substantial risk of inconsistent obligations. Furthermore, Plaintiffs have not offered a mechanism by which this Court could shape relief to lessen the prejudice or afford adequate relief to all parties. Finally, for the reasons discussed above, it appears that the state courts of Mississippi provide Plaintiffs an effective forum in the event of dismissal.

In balancing the 19(b) factors, the Court concludes that Plaintiffs' proposed amended complaint would be subject to dismissal for failure to join a necessary party. Accordingly, Plaintiffs will not be granted leave to amend their complaint to drop Rita as a party. Thus, this matter will be dismissed without prejudice for lack of subject matter jurisdiction. Having determined that this case should be dismissed, the Court will deny all pending motions as moot.

## V
## Conclusion

For the reasons above: (1) the Caliber Defendants' motion to dismiss, Doc. #67, is **GRANTED**; and (2) Plaintiffs' motion for leave to amend, Doc. #73, is **DENIED**. Accordingly, this action is **DISMISSED without prejudice** and the following motions are **DENIED as moot**: (1) Plaintiffs' motion for default judgment, Doc. #71; and (2) the three outstanding motions for judgment on the pleadings, Doc. #77, Doc. #78, Doc. #79.

SO ORDERED, this 20th day of February, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**